FRANCIS A. HALL & another *vs.* LYDIA Y. HALL & others.

Suffolk. March 28. — Sept. 6, 1877. AMES & LORD, JJ., absent.

A testator, whose daughter (who was forty-six years of age and had been a widow for four years prior to the date of the will) and her children survived him, by his will bequeathed a certain sum in trust " to accumulate until my said grandchildren last mentioned respectively attain the age of thirty-five years, when a proportionate part of said fund and accumulation (dividing by the number of said grandchildren then living who shall not have received their share) is to be paid over to each of them; and in case of the last beneficiary, before attaining the age of thirty-five years, I direct that the remainder of said fund and accumulation be considered as part of the residue of my estate." The will contained no prior mention of any grandchildren. *Held,* that unless the words " said " and " last mentioned " were rejected, the bequest was void for uncertainty; that, if rejected, the bequest was void for remoteness; and that the residuary legatee was entitled to the fund.

BILL IN EQUITY by Francis A. Hall and Henry A. Whitney, executors of, and trustees under, the will of Andrew T. Hall, to obtain the instructions of the court.

The will, dated July 9, 1875, and admitted to probate January 3, 1876, after bequeathing and devising the residue of the testator's estate to his wife for life, and, after her death, to his daughter absolutely, contained, besides other provisions not material to be stated, the following :

" I also give and bequeath to the said Francis A. Hall and Henry Austin Whitney, if they or either of them shall be living at the time of my decease, the sum of five thousand dollars, in trust.   The whole shall form a fund which shall properly be invested, and to accumulate until my said grandchildren last mentioned respectively attain the age thirty-five years, when a proportionate part of said fund and accumulation (dividing by the number of said grandchildren then living who shall not have received their share) is to be paid over to each of them ; and in case of the last beneficiary, before attaining the age of thirty-five years, I direct that the remainder of said fund and accumulation be considered as part of the residue of my estate, and be subject to the disposition of the same heretofore made."   The will contained no prior mention of any grandchildren.

The bill alleged, and the answers admitted, that the testator died on November 22, 1875, leaving a widow, Lydia Y. Hall, a daughter, Mary A. H. Munroe, who was born on or about August 19, 1829, and was a widow, (her husband having died in December, 1870,) and seven grandchildren, and presented the question whether the bequest to the executors as trustees was not void for uncertainty and remoteness.   Hearing upon the bill and answers before *Devens*, J., who reserved the case for the consideration of the full court.

*F. Dabney*, for the widow and daughter.

*L. S. Dabney*, for the grandchildren.   1. The bequest is not void for uncertainty.   1 Jarman on Wills, 329–333.   2 Ib. 108–111.

2. A bequest by a testator to living grandchildren, to be distributed among them when they severally attain the age of thirty-five years, is not open to objection as creating a perpetuity, and no perpetuity can be evoked here, without assuming that Mrs. Munroe may marry again and give birth to some more children after the death of the testator, and that such after-born children will be entitled to share in the bequest, either upon the

ground that the bequest to the grandchildren is contingent upon their respectively attaining the age of thirty-five years, or, if vested at the testator's death, that the period of enjoyment is postponed to a later date. The admission of after-born children to a share, in cases of bequests to children, is founded upon a presumption that the testator might naturally have contemplated the possibility of other children, and that it is his will that they should share. They come in when such is the clear intention of the will. *Hatfield* v. *Sohier*, 114 Mass. 48. Nothing is more improbable, under the circumstances of this case, than that any such possibility ever entered the mind of the testator.

The bequests to the grandchildren of the testator vested, at his death, in those then living, subject to be divested by their death before reaching the age for enjoyment, and, if it was also subject to open to let in after-born grandchildren, it would vest in such after-born grandchildren upon their birth; and, as no grandchild could be born after Mrs. Munroe's death, the whole estate must vest within the time limited by the rule. This must be the construction of the will, because it is a possible construction, and one which would carry out the will of the testator, while to construe the estate as contingent would defeat that will, and because it is in harmony with the decisions of this court. *Packard* v. *Packard*, 16 Pick. 191. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Loring* v. *Blake*, 98 Mass. 253. *Pike* v. *Stephenson*, 99 Mass. 188. *Gardiner* v. *Guild*, 106 Mass. 25. *Lovering* v. *Worthington*, 106 Mass. 86. *Hatfield* v. *Sohier*, 114 Mass. 48. 1 Jarman on Wills, 260.

If by assuming that more grandchildren may be born, and by adopting a construction which admits them to share, the period of accumulation permitted by the rule may be exceeded by giving effect to the directions of the will, this will be the result: the direction to accumulate and the limitation over are void; there is a bequest "in trust for my grandchildren;" those living at the testator's death will be entitled to the immediate enjoyment and an immediate conveyance, because the estate of the trustees will be merely a naked trust to receive the money; and any grandchildren born after the testator's death will be excluded. *Odell* v. *Odell*, 10 Allen, 1. *Sears* v. *Putnam*, 102 Mass. 5.

If the court construes the gift as one to all the grandchildren of the testator, living at his death or born afterwards, and contingent upon their respectively attaining the age of thirty-five years, the case which then arises is not the case of a contingent gift to a class of grandchildren generally, to be divided among those living at the happening of a future event, or among those who shall survive to a particular age; but it is the case of a particular gift to each grandchild, contingent upon his or her living to a certain age, of a sum of money, the amount to be ascertained in a particular way pointed out in the will. The question presented, then, is not whether a class can take, but whether particular individuals can take. The testator has himself split his bequest into portions, and has made it a series of particular legacies. Therefore, the reason given by Sir W. Grant, in *Leake* v. *Robinson*, 2 Meriv. 363, for refusing to sustain the bequest in part, is inapplicable here. And so this bequest, even if void as to all after-born grandchildren, may be held good as to all living at the death of the testator.

The case at bar cannot be distinguished from *Hubbard* v. *Lloyd*, 6 Cush. 522; and is distinguished from *Fosdick* v. *Fosdick*, 6 Allen, 41, in these respects : The devise there was of an income to grandchildren as a class, to be equally divided between them, at the end of a period which might exceed the period limited by the rule. The remainder was given to legal heirs of grandchildren, and they could not be ascertained till the contingency happened, therefore the remainder was contingent, and the happening of the contingency might be deferred beyond the period limited by the rule. The income, which was to be divided among the tenants for life, could not come into existence until the happening of a contingency, which might be deferred beyond the period limited by the rule. It could not vest till it existed, and the persons, who were then to share it, could not be ascertained till the time for sharing came. Hence there were no vested life estates at the death of the testator as in *Loring* v. *Blake.*

MORTON, J. Before the clause presented for our consideration, the will makes no mention of any grandchildren. The clause is, therefore, void for an uncertainty, or the words " said " and " last mentioned " must be rejected as inadvertently used,

and the clause be construed as a bequest to his grandchildren as a class. Adopting the latter construction, as most favorable to the grandchildren, and as most probably carrying out the intentions of the testator, the question is presented whether the bequest is void because it violates the rule against perpetuities.

It is a testamentary gift to a class of persons, which is made by the testator to take effect at a period beyond the time of his death; and the general rule applies, that those who come within the description, before the period or event upon which the gift is to take effect or the distribution is to be made, will be included as within the probable intention of the testator. Therefore any grandchild of the testator who might be born after his death would be entitled to a share of the fund. *Fosdick* v. *Fosdick*, 6 Allen, 41, and cases cited. *Worcester* v. *Worcester*, 101 Mass. 128. *Hatfield* v. *Sohier*, 114 Mass. 48. And we are of opinion that under this bequest the grandchildren of the testator take contingent interests, which do not vest until they respectively arrive at the age of thirty-five years. There is no provision for their maintenance, or for any enjoyment by them of the principal or income of the trust fund, until they reach the prescribed age; the accumulations accrue after the death of the testator, and could not vest at that time; the persons who are to take at the period of distribution and the amounts to which they may be entitled are uncertain; and the clause contains a gift over in case the last surviving grandchild shall die before reaching the age of thirty-five years. All these considerations point to the conclusion that it was the intention of the testator that the interests of the grandchildren should not vest until the contingency of their arriving respectively at the prescribed age should happen.

This being so, the gift is void for remoteness. The rule is that executory limitations are void unless they take effect *ex necessitate* and in all possible contingencies within the period of a life or lives in being at the death of the testator and twenty-one years afterwards. *Sears* v. *Putnam*, 102 Mass. 5, and cases cited.

In the case at bar, at the death of the testator, it was possible that his widowed daughter might marry again and have a child, and that the daughter and all the grandchildren of the testator living at his death might die, and that these events might happen before the oldest grandchild reached the age of thirty-five years,

or even within one or two years of the death of the testator. In this contingency the after-born grandchild would be the sole beneficiary entitled to the trust fund, and it would not vest in him until he arrived at the age of thirty-five years. Therefore the fund might be inalienable for a period longer than any life in being at the death of the testator and twenty-one years in addition, and the bequest is void under the rule against perpetuities. *Thorndike* v. *Loring*, 15 Gray, 391.

This bequest being void, it is clear that the sum bequeathed falls within the residuary devise and bequest to the widow of the testator, and should be paid to her as a part of the residue.

*Decree accordingly.*