SAMUEL C. HILLS *vs.* JONATHAN B. SIMONDS.

Middlesex.    January 25. — October 18, 1878.

A testator, by his will, devised the residue of his estate to trustees, in trust to pay the income to his son for life, and, on his death without issue, to be divided among his nephews and nieces, the children of certain brothers and sisters, during their natural lives, "and after their decease to be equally divided among their children or their legal representatives." The son died without issue, and no nephews or nieces were born after the testator's death. *Held*, that such a nephew or niece born after the testator's death would have been entitled to share with the nephews and nieces then living; that the limitation over to the children or legal representatives of the nephews and nieces living at the testator's death was not void for remoteness; and that the possible partial invalidity of the devise in case of the children or legal representatives of any after-born nephew or niece would not defeat the devises to the children or legal representatives of the living nephews and nieces.

MORTON, J.  This is a bill in equity brought to set aside a deed executed by the plaintiff to the defendant, upon the ground that it was obtained by fraud.  The defendant demurs to the bill on several grounds, one of which is that the bill does not show that the plaintiff is entitled to the relief sought; and the case has been reserved for our consideration on the bill and demurrer.

The deed, executed by the plaintiff in 1874, purports to convey to the defendant all the interest of the plaintiff in the estate, real and personal, of which Jonathan Simonds died seised or possessed.

The will of Jonathan Simonds, who died in 1834, after certain devises to trustees for the benefit of his sons, George W. and Albert, provides that "in case both my sons, George W. and Albert, should die without issue, my will is that all the residue of my real estate hereinbefore limited, appointed and devised, and all my other estate, real and personal, be divided among my nephews and nieces as follows, to wit, the children of my brother Joshua, my brother William, my sister Martha Merriam and my sister Elizabeth Parker, during their natural lives, and after their decease to be equally divided among their children or their legal representatives."

It appears that the testator's two sons survived him; that Albert died intestate in 1861, and George W. in 1871, neither having had issue; that the testator's brothers and sisters named in the will were all living at his death, but all died before George W.; that none of their children were born after the death of the testator; that twenty-three children of the brothers and sisters named in the will were living at the testator's death, of whom eleven were living at the death of George W., and two of these died afterwards.

The plaintiff, a half brother of George W. Simonds, contends that the devise over to the children of the nephews and nieces is void as tending to create a perpetuity, and that the right to the remainder of the testator's estate, after the termination of the life estates of the nephews and nieces, vested in George W. Simonds, and on his death in the plaintiff, under the Gen. Sts. *c.* 91, § 5, which provide that kindred of the half blood shall inherit equally with those of the whole blood in the same degree.

The defendant contends that the will of Jonathan Simonds lawfully disposed of the whole of his estate; that the plaintiff had no interest therein; and, therefore, that his deed conveyed nothing.

This question depends upon the construction to be given to the clause of the will above cited. This complicated will has been several times before the court for adjudication, and we think the previous decisions go far towards settling the question presented in this case. *Simonds* v. *Simonds*, 112 Mass. 157. *Simonds* v. *Simonds*, 121 Mass. 191. *Merriam* v. *Simonds*, 121 Mass. 198. As we have before intimated, we are of opinion that, under the will of his father, George W. Simonds took an estate for life in the property devised for his benefit. In *Merriam* v. *Simonds*, *ubi supra*, it was held that this devise was to a class, who were to take life estates upon the death of George, that those took under it who constituted the class at the death of the testator, and therefore that each nephew and niece belonging to the class took an interest which vested at the death of the testator. It was also held that the devise over to "their children or legal representatives" was a devise to the children or legal representatives of each individual life tenant as his estate terminates by his death, the words "after their decease" being construed as meaning "upon the death of each life tenant."

It has not been necessary, in either of the previous cases, to determine whether the devise to the nephews and nieces would have opened to let in nephews and nieces born after the death of the testator, if there had been any who belonged to the class described in the devise. It would seem that as the testator made a gift to a class of persons, and fixed a time for the distribution and enjoyment at a period beyond the time of his death, those who come within the description at the time of the distribution would be included, and therefore that after-born nephews and nieces falling within the class would have been entitled to share with the nephews and nieces living at the death of the testator. *Hall* v. *Hall*, 123 Mass. 120, & cases cited. Assuming this to be so, the question is presented whether this devise, in whole or in part, violates the rules of law against perpetuities, and if so, to what extent and with what effect. It has been decided that the devise of life estates to the nephews and nieces was not void

for remoteness. *Simonds* v. *Simonds*, 112 Mass. 157. It is clear that the limitation over to the children or legal representatives of each nephew or niece living at the death of the testator, at his or her decease, is not void for remoteness. The latest period, at which the estate devised must revest, is the end of the lives of their respective ancestors, the tenants for life, which period, is the end of a life in being at the death of the testator. But it is equally clear that the limitation over to the children or legal representatives of after-born nephews or nieces would be void for remoteness. The share of each of such children or legal representatives would not vest until the death of his parent who was not in being at the death of the testator, and this would not necessarily be within a life or lives in being and twenty-one years after the death of the testator. Construing this devise as at the death of the testator, and having regard to possible events, it is true that the devise would be void for remoteness so far as the limitation over to the children or legal representatives of an after-born nephew or niece is concerned. The question is, What is the effect of this possible partial invalidity upon the limitation to the nephews and nieces living at the death of the testator and to their children or legal representatives ?

This case does not fall within the rule that, where a devise is given to a class of persons answering a given description, and any member of that class may possibly have to be ascertained at a period exceeding the limits allowed by law, and is therefore incapable of taking, the whole devise is void. *Leake* v. *Robinson*, 2 Meriv. 363. *Hall* v. *Hall, ubi supra.* In such cases, the person incapable of taking may be the sole representative of the class at the time the estate is to vest, and thus it is possible, at the death of the testator, that the whole estate may vest at a period too remote. But, in the case at bar, the limitation over upon the death of the several nephews and nieces, is not a devise to a single class, of which a child of an after-born nephew or niece may be a member. It is, in legal effect, equivalent to several and distinct devises to different classes. The children or legal representatives of each nephew or niece form a distinct class who respectively take the separate share of the estate in which their ancestor had a life interest. It is the same, in effect, as if the testator had made separate devises to each nephew

and niece living at his death, with a limitation over to their re-
spective children or legal representatives, and also a devise to
any nephew or niece who might be born after his death and be-
fore the death of George, with a like limitation over.  The latter
limitation over would be void for remoteness, but this would not
defeat the devises to the nephews and nieces living at the death
of the testator and to their children or legal representatives.

Suppose a nephew had been born after the death of the tes-
tator and before the death of George, thus making the class who
were to take life estates after the death of George to consist of
twenty-four instead of twenty-three members.  Such after-born
nephew would take a life estate in one twenty-fourth part, be-
cause that must vest in him, at the latest, at the death of George.
But the limitation over to his children or legal representatives
would be void.  Such invalidity, however, would not divest or
defeat the devises to the children or legal representatives of the
other twenty-three nephews and nieces, who take separately and
independently shares which must be ascertained within the legal
limits.  In the case supposed, the only part of the testator's
estate undisposed of by his will, which would go to his heirs at
law, would be the remainder in one twenty-fourth part after the
death of the after-born nephew.

In the case at bar, there were in fact no after-born nephews
or nieces.  There were twenty-three nephews and nieces, an-
swering the description of the devise, living at the death of the
testator.  Each of these, on the death of the testator, took an
immediate vested estate for life in one twenty-third part expect-
ant on the death of George, with remainder in fee to their re-
spective children or legal representatives, subject to have their
respective estates divested in part, in case there were any after-
born nephews or nieces belonging to the class described.  The
exact share or estate, which each was to have, was necessarily to
be ascertained, and fixed at the death of George.  In any contin-
gency, the share which the testator intended to give to the chil-
dren or legal representatives of his living nephews and nieces
must be ascertained, and vest within the legal limits.  We are
of opinion that the possible partial invalidity of the devise, in
case of any after-born nephews or nieces, does not defeat the
devises to the children or legal representatives of the living  .

nephews and nieces, but that they take according to the terms of the will. *Cattlin* v. *Brown*, 11 Hare, 372. *In re Moseley's trusts*, L. R. 11 Eq. 499, 504.

It follows that there was no estate of the testator undisposed of by the will, and therefore that the plaintiff has no interest to set aside the deed to the defendant alleged to be fraudulent.

*Demurrer sustained, and bill dismissed.*

*C. R. Train & J. O. Teele*, for the defendant.

*R. M. Morse, Jr. & R. Stone, Jr.*, (*C. P. Greenough* with them,) for the plaintiff.