LAURENCE MINOT, trustee, *vs.* NATHANIEL B. DOGGETT, executor, & others.

Suffolk.    December 4, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy.    Perpetuities.*

A will contained the following provision : " And as to the other fourth part of the residue and remainder of my estate, I direct my said trustees to hold the same (after my said daughter S.'s decease) during the lives of her children, and to pay the net interest and income thereof to her children half yearly or oftener, if convenient to said trustees, and at the decease of said S.'s children the said fourth part of the capital of said residue and remainder of my estate shall be paid to her grandchildren, as they respectively attain the age of twenty-one years, such grandchildren taking by right of representation, and while said grandchildren are minors, after the decease of their parents they shall respectively receive the net income of the capital to which they will severally be entitled to at their majority." At the time of the death of the testator S. had one child, a son. Afterwards she had a daughter who died before her without issue. Upon the death of the son of S., who survived his mother and left children, the trustee under the will of the testator brought a bill for instructions as to the distribution of the fund dealt with by the paragraph above quoted, asking whether the remainders to the grandchildren of S. were void under the rule against perpetuities. *Held*, that the bequest to the children of S. was of shares to be disposed of separately and that the limitation over of each share was to be considered by itself, that on the death of the testator the son of S. had a vested remainder in a life interest in the fund which on the birth of the daughter of S. was diminished by opening to give such daughter a vested remainder in a life interest in one half of the fund, that the remainder of one half of the fund to the children of the son of S. was valid because the son was born before the death of the testator, and that the half of the fund in which the daughter of S. had a vested interest, upon her death before her mother

without issue, was undisposed of by the will and should be distributed among the next of kin of the testator. *Semble*, that if the daughter of S. had left children the same result would have been reached, as the remainder to her children was void under the rule against perpetuities.

BILL IN EQUITY, filed September 6, 1904, by the trustee under the will of William Taylor, late of Roxbury then in the county of Norfolk, for instructions as to the distribution of a certain fund under that will upon the death of William T. Kennedy, the son of Sarah A. W. Kennedy, afterwards Sarah A. W. Devens, a daughter of the testator.

The case came on to be heard before *Hammond*, J., who reserved it upon the bill and answers for determination by this court.

*F. Brewster*, for the trustee.

*W. H. Dunbar*, for Nathaniel B. Doggett and others.

*F. M. Sparrow*, for George Purrington, Jr.

*Roland Gray*, for Charles E. Kennedy and Addie F. Barrock.

*R. E. Smith*, (*F. C. Allen* with him,) for Walter G. Kennedy and for Ella F. Kennedy, guardian of George B. Kennedy.

KNOWLTON, C. J. A part of the eighth clause of the will of William Taylor, late of Roxbury, deceased, is as follows : " And as to the other fourth part of the residue and remainder of my estate, I direct my said trustees to hold the same (after my said daughter Sarah's decease) during the lives of her children, and to pay the net interest and income thereof to her children half yearly or oftener, if convenient to said trustees, and at the decease of said Sarah's children the said fourth part of the capital of said residue and remainder of my estate shall be paid to her grandchildren, as they respectively attain the age of twenty-one years, such grandchildren taking by right of representation, and while said grandchildren are minors, after the decease of their parents they shall respectively receive the net income of the capital to which they will severally be entitled to at their majority."

The plaintiff, as trustee under this will, asks for instructions upon the question whether the remainders to the grandchildren of the testator's daughter Sarah are void under the rule against perpetuities, or valid. This daughter was a young woman at the time of the testator's death, and she might have been expected

to have children born long afterwards, and grandchildren born later than the end of a life or lives then in being and twenty-one years thereafter. If, therefore, the grandchildren are to be treated as all members of one class who are to be considered together, some members of which would come into being too late to be recipients of the testator's bounty under the rule just referred to, it is obvious that the limitation over to the members of this class, after the expiration of the life estates of the children, would be too remote and would fail altogether. It is contended in behalf of the heirs at law that this is the true construction of the provision.

We are of opinion that this contention is not well founded, and that the case should be governed by the rule applied in *Dorr* v. *Lovering*, 147 Mass. 530. In this case it was held that the devise to the children was of shares afterwards to be disposed of separately, and that the limitation over, in reference to each share, was to be considered by itself alone, and was valid because, in each case that arose, the birth of the remaindermen could not have been too late. The fact that there might have been after born children whose children would have been unable to take, under the rule against perpetuities, was held to be immaterial in the determination of the rights of the descendants of the children who were born in the lifetime of the testator. That the shares of the children of Sarah are to be considered separately appears first in the provision that they are to be "paid to her grandchildren, as they respectively attain the age of twenty-one years, such grandchildren taking by right of representation"; secondly, in the provision that "while said grandchildren are minors, after the decease of their parents they shall respectively receive the net income of the capital to which they will severally be entitled to at their majority"; and thirdly, that they take "by right of representation." The intention of the testator in this particular could not be carried out without dealing with the share of each of the children by itself alone. *Brown* v. *Farmer*, 184 Mass. 136, 138.

No question can be raised as to the validity of the provision giving life estates to Sarah's children after her death, and these vested at the death of the testator, subject to change by opening to let in after born children. *Lovering* v. *Lovering*, 129 Mass.

97. *Dorr* v. *Lovering*, 147 Mass. 530. *Hills* v. *Simonds*, 125 Mass. 536, 538. *Hatfield* v. *Sohier*, 114 Mass. 48. *Dole* v. *Keyes*, 143 Mass. 237. At that time Sarah had one child, William T. Kennedy, and afterwards she had a daughter, Sarah Devens, by a subsequent marriage. On the birth of this last child, each had a vested remainder in a life estate in an undivided half of their mother's share, subject to be diminished by opening to let in other children, if any should be born later, with remainder over to their respective children, Sarah's grandchildren. This remainder to Kennedy's children was valid because he was born before the death of the testator, while the remainder to the children of Sarah Devens, if she had left any, would have been too remote, because she was born after his death. Inasmuch as the shares of the testator's daughter Sarah are to be considered separately, in reference to the disposition of them after the death of these children, it follows that the will has left the share, formerly held for life by Sarah Devens, undisposed of. *Merriam* v. *Simonds*, 121 Mass. 198, 201. Since she died before her mother, leaving no children, there is no provision of the will which is applicable to the remainder in her share after the expiration of her life estate. If she had left children, the provision which then would have been applicable would have been void under the rule against perpetuities.

It follows that one half of the fourth part which was held for the testator's daughter Sarah must go in equal shares to the four children of William T. Kennedy, namely : Addie F. Barrock, Charles E. Kennedy, Walter G. Kennedy and George B. Kennedy. The other half of this fourth part is to be divided among the heirs at law of the testator, William Taylor, as undevised estate.

In the opinion in *Minot* v. *Taylor*, 129 Mass. 160, relative to this will, is the following sentence, which at first sight seems inconsistent with the result we have reached : " The limitation of a life estate to the children of Sarah is a valid limitation, as it vested in her child William T. Kennedy at the death of Sarah, and it is the duty of the trustee to pay the income of her share to him during his life." In that case the court expressly declined to consider the question whether the limitation over to the grandchildren of Sarah is void for remoteness, and no claim

was made by the heirs at law for any part of the remainder which vested for life in Sarah Devens. The case was submitted to the full court upon a report of facts which shows that the testator's daughter Sarah had one child, William T. Kennedy, and does not mention the fact that she had had another child who died in her lifetime. Apparently the birth and death of Sarah Devens were not brought to the attention of this court. It was referred to in the pleadings, but was not mentioned in the report, which in terms purported to state the facts on which the decision was to be made, and it was not referred to in the briefs. That case is not in conflict with the present decision.

*Decree accordingly.*