GEORGE V. LEVERETT & another, trustees, *vs.* MARY RIVERS & others.

Suffolk.    November 30, 1910. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Res Judicata. Devise and Legacy,* Power. *Power. Rule against Perpetuities.*

A finding of fact or a ruling of law as to the meaning of a provision in a will, made by a justice hearing a suit in equity and stated in a memorandum of his findings, does not become *res judicata* unless such finding or ruling is embodied in a decree.

A testatrix, who died in 1859 leaving a son and two daughters, G., who then had a son and two daughters, and R., a spinster, by her will left one third of her estate to her son for life with power to appoint such third " among my lineal heirs [meaning descendants], to have and enjoy the same upon such terms " as the son might prescribe. The testatrix's son died in 1875 and by his will appointed the estate in question to trustees for G. and R. during their respective lives, and, in case of the death of G. before R., to divide G.'s shares into as many portions as she had children at the date of the will making the appointment and also at the time of the son's death, to pay one third of such portion to a son of G. outright, and to pay to her two daughters respectively the income of their shares during their lives and on their deaths to pay the principal to and among such daughters' children and the issue of any deceased child by right of representation. A similar appointment to G.'s children and their issue was made of R.'s share on her death. S., one of G.'s daughters, at the time of the death of the testatrix's son had one child and later, by a subsequent marriage, had eight more children. Upon the death of S. the trustees under the appointing will filed a bill for instructions, and it was *held* that the will of the son of the testatrix operated as an effectual appointment of one third of the estate which was subject to the power to the nine children of S.

LORING, J.  By her last will modified by a first and third codicil, Lydia Smith Russell left one third part of her estate to her son Jonathan for life without the intervention of trustees, with power in a contingency which took place to appoint his third "among my lineal heirs, to have and enjoy the same upon such terms" as he might prescribe.  She died in 1859, leaving in addition to the son Jonathan a daughter, Geraldine, who was twice married, and Rosalie Russell who died a spinster.  Jonathan died in 1875.  By his will he appointed that part of his share of his mother's estate here in question to trustees in trust for his two sisters during their respective lives and in case Geraldine died before Rosalie (which event happened) to divide her share into as many portions as there should be children of Geraldine living at the date of his will and living at Geraldine's death; and to pay over to her son one third outright and to hold the portions set aside for daughters in trust to pay the income to the daughters for life, and upon the death of each daughter to transfer and convey that portion of the deceased daughter to and among her children and the issue of any deceased child (taking by right of representation) and upon the death of Rosalie to hold and pay over her half upon the same trusts.  Geraldine left three children, George R. R. Rivers, Mary Rivers, and Rosalie G. Rivers who married Mr. Shields and later Mr. Sheffield. *

All Geraldine's children were born in the lifetime of Lydia Smith Russell, and the appointment to them for life and the appointment over as they should respectively decease is confessedly not too remote.  *Dorr* v. *Lovering*, 147 Mass. 530.  *Minot* v. *Doggett*, 190 Mass. 435.

The question which has to be decided arises from the fact that when Jonathan died Geraldine's youngest daughter Rosalie, then Mrs. Shields, had one child, and after Jonathan's death she married again and had eight more children; and the defendants other than these nine children of Mrs. Sheffield contend that the appointment over to the eight born after Jonathan's death is invalid.

* On January 29, 1910, after the death of Rosalie Russell and of Rosalie G. Sheffield, the trustees under the will of Jonathan Russell filed this bill for instructions as to what disposition should be made of a fund approximating $45,000 which they had held for the benefit of Rosalie G. Sheffield during her life.  All the defendants admitting the allegations of the bill, *Rugg, J.*, reserved the case upon the pleadings for determination by the full court.

This result is based on two contentions, namely: First, that it was so decided by a single justice in 1887, and second, that as matter of construction of Mrs. Russell's will the class among which Jonathan had a power to appoint was to be ascertained at his (Jonathan's) death. Neither contention is in our opinion well founded.

1. What gives rise to the first contention is the finding or findings made by a single justice in 1887, in a bill for instructions brought by the executors of Jonathan soon after his death in 1875. The question whether the contingency had happened on which Jonathan had a power of appointment seems to have occupied the first ten years next after the bill was brought. In 1885 a decree was entered declaring that the will of Jonathan operated as an effectual appointment of the residue of the fund for the lives of Geraldine (who had died while the suit was pending) and Rosalie. In addition the executors were directed to pay one half of the income then in their hands to the executor of Geraldine and one half to Rosalie; and further they were directed to transfer one half of the principal to certain trustees to hold for Rosalie for life, with liberty to any party to the suit to apply.

In 1887 the suit came on for hearing on the disposition to be made of the share of which Geraldine had the income for life. On the conclusion of this hearing four findings were made by the single justice who heard the suit.* At this time seven of the

---

* "1. In the above entitled suit in equity, I find that the words 'my lineal heirs' contained in the third codicil to the will of Lydia Smith Russell were used by the testator in the sense of 'my lineal descendants.'

"2. I find that the class of persons among whom Jonathan Russell had by the will of Lydia Smith Russell power of appointing or disposing of his share under said will, included descendants or issue of said Lydia other than Geraldine I. Upton, and Rosalie Genevieve Russell.

"3. I find that the death of the donee Jonathan was the time when the 'lineal heirs' of said Lydia were to be ascertained and determined, and that this class included at the time of the death of Jonathan all the lineal descendants of Lydia then living and that they were the following persons viz: Geraldine I. Upton, Rosalie G. Russell, Mary Rivers, George R. R. Rivers, Rosalie G. Shields (now Rosalie G. Sheffield) and Mary G. M. Shields.

"4. I also find that the will of Jonathan Russell was a valid exercise of the power of appointment given to the said Jonathan by the will and codicils of Lydia S. Russell."

eight children born to Mrs. Sheffield after Jonathan's death had been made parties defendant to the bill. There seems to be a conflict between the finding "that the death of the donee Jonathan was the time when the 'lineal heirs' of said Lydia were to be ascertained and determined" and the finding "that the will of. Jonathan Russell was a valid exercise of the power of appointment given to the said Jonathan by the will and codicils of Lydia S. Russell," at least if this finding is to be taken to be a finding on the gifts over after the life estates in Geraldine's daughters. And it is only on that assumption that the first contention of these other defendants is made. It is pretty plain however that all the findings of the single justice were intended to be findings on the validity of the life estates in Geraldine's two daughters. But however that may be, the only decree entered on these findings was a decree directing the executors to pay the principal of the two thirds of the portion of which Geraldine had the income during her life, to trustees in trust to pay the income thereof to Mrs. Sheffield's two daughters during their respective lives, leaving undecided the question of the gifts over after their deaths. The defense of *res judicata* is made out only when a judgment or decree has been made deciding the question which it is sought to try again. A verdict or finding on which no judgment or decree has been entered does not make a fact found in the verdict or finding *res judicata*. *Oklahoma City* v. *McMaster*, 196 U. S. 529. *Hawks* v. *Truesdell*, 99 Mass. 557. *Burlen* v. *Shannon*, 99 Mass. 200, 203.

2. The second contention of these defendants is "that the language used shows no intention on the part of Lydia Smith Russell that the class to which Jonathan had the power to appoint should be determined by any other rule than the general rule that the time for determining the members of a class who may benefit by the exercise of a power is the time of the death of the donee of the power where he has a life interest in the property. Farwell on Powers, (2d ed.) 490. *Paul* v. *Crompton*, 8 Ves. 375. *Thayer* v. *Rivers*, 179 Mass. 280, at p. 290." The short answer to that is that there is no such general rule. When a power is given to appoint among the lineal heirs (which in this case as matter of construction means descendants) of the testator there is no ground for confining it so as not to include any

lineal descendants however remote. See in this connection *In re Veale's Trusts*, 4 Ch. D. 61, 66; *Thomas* v. *Lloyd*, 25 Beav. 620. All that Mr. Farwell can be taken to have meant in his remarks relied upon by these defendants is that an appointment to issue of the donor of the power is not too remote if it is to vest on the death of the donee of the power. There is nothing in *Paul* v. *Crompton* and *Thayer* v. *Rivers* which helps these defendants.

A decree must be entered declaring that the will of Jonathan Russell operated as an effectual appointment of Mrs. Sheffield's one third of her mother's and her aunt's thirds, and directing the trustees to transfer and convey it to and among her nine children.                                        *Decree accordingly.*

*H. K. Brown*, for the plaintiffs, stated the case.

*John Chipman Gray*, (*R. Ernst* with him,) for the children of Rosalie G. Sheffield.

*R. D. Ware*, for other defendants.