ADJUDGED IN

# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

## 1923.

---

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL AND JOHN BENT-
LEY, VICE-ORDINARIES.

---

In the matter of the estate of GEORGE W. HELME, deceased.

[Decided November 20th, 1923.]

1. Where testator creates a trust for accumulations for the benefit of grandchildren generally, and it appears from the context that he did not intend to limit his bounty to the grandchildren in being, grandchildren born after testator's death are included.

2. Where, under the trust, grandchildren are given $2,500 each as they severally attain the age of twenty-one years, such gifts, being separate and independent, are not gifts to a class, and are valid as to legatees born in the lifetime of testator and invalid as to those born after.

197

3. Where a trust for accumulations is created, and life or lives in being form no part of the period during which vesting is postponed, the duration thereof can only extend to twenty-one years (and the gestative period) after death of testator; if it extends beyond it is void as violative of the rule against perpetuities.

4. A gift to a class arises where the gift is of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who shall take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons.

5. Where there is a gift to a class, the gift, if void as to a part, is void *in toto*.

*Mr. Carl M. Herbert,* for the trustees.

GRIFFIN, VICE-ORDINARY.

George W. Helme departed this life on June 13th, 1893, leaving a last will and testament dated the 5th day of September, 1892, and leaving the following children—Adelaide H. (Strater), then aged thirty four years; Olivia A. (Herbert), aged thirty-one years, and George A. Helme, aged twenty-eight years.

In and by the sixth clause of his will the testator gave to trustees one hundred shares of the capital stock of "the George Helme Company" in trust for accumulations.

The trustees have now filed their account, praying that an order of distribution be made, and that they be discharged as trustees under said clause.

In order to make the decree sought a construction of the sixth clause is necessary.

Due notice has been given to all parties interested.

The sixth clause is as follows:

"*Sixth.* I give and bequeath to my trustees hereinafter named one hundred shares of the capital stock of "the George W. Helme Company," to be by them held as a special trust fund upon trust to receive and accumulate the dividends and income therefrom, and I direct that out of such dividends and income the said trustees pay to each of my grandchildren, as they shall severally arrive at the age of twenty-one years, the sum of $2,500. Upon the arrival at age of the youngest grandchild, or upon the death of the last surviving grandchild, who may be a minor, the residue of the trust fund, both income and capital, shall be equally divided among the grand-

*95 N. J. Eq.*                    In re Helme.

children, then living and the issue of such as may be dead, the issue of a deceased grandchild taking the share of or interest the parent would have taken if living, and provided. in case any of my grandchildren shall die before being entitled to receive the said sum of $2,500 (whether in my lifetime or subsequently), leaving issue which shall survive at the time the parent would have been entitled to receive the same if living, then the said sum shall be paid to the issue of the grandchildren so dying."

When the will was made, as well as at testator's death, he had several grandchildren living, aged eight years and under. After his death several grandchildren were born and are now living, and still others may hereafter be born.

Two questions are presented under this clause for solution:

1. Is the trust valid in part and void as to the residue?

2. Is the entire clause invalid as violating the rule of law against perpetuities?

In dealing with these questions it must first be ascertained what the testator meant when he created this trust for his grandchildren—did he intend as the object of his bounty only such as might be in being at the time of his death, or all of his grandchildren born after as well as prior thereto?

The situation confronting testator, both on the date of his will and of his death, was that he had two daughters and one son, all young; each had a child, or children; their ages were such that he could assume that other children, his grandchildren, would be born.

Reading this clause in connection with the entire will I can see nothing which tends to vary the plain language "each of my grandchildren" * * * "upon the arrival at age of my youngest grandchild, or upon the death of the last surviving grandchild who may be a minor," which means grandchildren born and thereafter born. Examining further, it appears that he makes provision for his great grandchildren in the event of the death of a grandchild prior to the period of distribution. Why should he be so solicitous for his great grandchildren and disregard his after-born grandchildren?

In the case of *Hewitt* v. *Green, 77 N. J. Eq. 345,* a case was presented quite similar to the present; the estates in both cases were large, and the testators both carved out of the bulk of their estates portions of the principal for the benefit of grandchildren. Vice-Chancellor Stevenson said, his purpose was to reach over his children to his grandchildren, and give to them that protection against those eventualities which, by reason of the many accidents of life, might reduce the estate of their parents and thus leave them without ample provision; and this provision was apparently made for the protection of all of his grandchildren born and to be born.

In *Kates, Trustee,* v. *Walker, 82 N. J. Law 157,* on case certified from the Camden circuit, the will construed, devised and bequeathed real and personal estate to trustees to sell the real estate, to invest the proceeds of the sale thereof, and pay the interest on such investments to the testator's wife during her life; the will then proceeded as follows:

"And at her death it is my will that said trust continue, and I direct my said trustees to continue said investment for the benefit of my grandchildren, the children of my daughter Mary Jane Walker, until the youngest child shall attain the age of twenty-five years ,at which time said trust shall end," and payment should then be made "to my said grandchildren, the children of my said daughter, Mary Jane Walker, share and share alike."

In that case Chief-Justice Gummere, speaking for the supreme court, in holding the trust void, said: "The will does not speak with relation to the youngest child who should be living at the death of the testator, but the youngest child who should be born of the testator's daughter Mary"—and this was the court's construction, couched in the above language.

In *Fosdick* v. *Fosdick et al., 6 Allen (Mass.) 41,* the trust was created for accumulations until "my youngest grandchild may, if living, attain the age of twenty-one years." The court (at *p. 44*) held that any grandchild born after the testator's decease would be entitled to be let in and to share equally with the others in such income as one of the legatees.

In the leading case of *Leake* v. *Robinson, 2 Meriv. 363, 383; 35 Full. Eng. Rep. 979, 986,* Sir William Grant, master of the rolls, said: "Indeed, I believe wherever a testator gives to a parent for life with remainder to his children he does mean to include all of the children such parent may have at any time. This is not an artificial rule. It is a rule which excludes any of the children that is and has been called an artificial rule." See, also, *Aldendifer* v. *Wylie, 306 Ill. 426; 138 N. E. Rep. 143.*

My conclusion is that under this clause after-born grandchildren are included.

On the foregoing finding the two questions above propounded, viz.: Is the trust void in whole or void only in part, as violating the rule against perpetuities? require answers?

This clause creates an executory bequest. Lives in being form no part of the period during which the vesting is postponed. In such case, vesting must take place within twenty-one years (and the period of gestation) after the death of the testator or the bequest is void. *Van Riper* v. *Hilton, 78 N. J. Eq. 371, 376* (Garrison, vice-chancellor); *Andrews* v. *Lincoln, 95 Me. 541; 50 Atl. Rep. 898; Kimball* v. *Crocker, 53 Me. 263;* and, as was said by Chancellor Walker in *Graves* v. *Graves, 1 N. J. Adv. R. 252; 94 N. J. Eq. 268:* "It is the possibility that the period covered by a life or lives in being and twenty-one years thereafter may be exceeded, and not the certainty, or even the probability that it will be exceeded in a given trust, which calls for the application of the rule."

Turning to the clause in question, it will be perceived that it is divisible into two parts—the one which gives legacies of $2,500 to each grandchild upon attaining the age of twenty-one years (and over to his issue in the event of his prior decease); and the other, which directs that upon the arrival at age of the youngest grandchild, or upon the death of the last surviving grandchild, who might be a minor, the residue of the trust fund, both income and capital, should be divided

among the grandchildren then living and the issue of such grandchild as might be dead.

1. As to the first question: While these legacies of $2,500, by the terms of the will, are to be paid both to grandchildren born in the lifetime of the testator as well as thereafter, yet they are separate, distinct and independent legacies, valid as to those grandchildren born in the lifetime of the testator, and invalid as to those born thereafter for remoteness. *Minot* v. *Doggett, 190 Mass. 435; 77 N. E. Rep. 629;* *Dorr* v. *Lovering, 147 Mass. 530; 18 N. E. Rep. 412;* *Boughton* v. *James, 1 Coll. 26; Boughton* v. *Boughton, 1 H. L. 406, 414; Slorrs* v. *Benbow, 3 DeG. M. & G. 390.* See, also, *Gray Perp. § 389.*

2. As to the second question: Dealing with the second part of this clause, which disposes of the *corpus* and accumulations, the bequests to grandchildren born after the testator's death are clearly void for remoteness. But a question arises as to whether such a construction may not be given to it by separating the gifts to the after-born grandchildren from those made to the prior born grandchildren. This calls for a decision as to whether the grandchildren take as a class.

In the case of *Clark* v. *Morehous, 74 N. J. Eq. 658,* Vice-Chancellor Howell cites with approval the opinion of Judge O'Brien (*In re Russell, 168 N. Y. 169*), who said: "A gift to a class has been defined by a recent decision of this court to be a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be determined at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the actual number." See, also, *Ailken* v. *Sharp, 93 N. J. Eq. 336; 1 Jarm. Wills 534* (at *p. 259*).

The conclusion I have reached on this point is that this gift of the residue of the *corpus* and accumulations is a gift to a class, the class comprising grandchildren born prior to and after the testator's death, and is void for remoteness, the period of vesting being postponed until the youngest grandchild living attains the age of twenty-one years, which pos-

sibly might postpone the period of vesting for more than twenty-one years (and the period of a gestation). *Kales, Trustee,* v. *Walker, supra;* *Leake* v. *Robinson, supra.*

The result is that the balance of the trust fund in the sixth clause, after deducting the $2,500 legacies to the children in being at the testator's death, lapsed and fell into the residue.

A decree will be advised in accordance with the views above expressed.