NATHANIEL P. LOVERING & another *vs.* CAROLINE WORTH-
INGTON & others.

A testator devised property to trustees in trust to pay the income to his daughter for life, on her death to pay it to her children, and on the death of each of her children to convey a portion of the property to the heirs of such deceased child. The testator's daughter was alive at his death. *Held,* that the limitation of life estates to the daughter's children was not void for remoteness.

MORTON, J. This is a bill in equity, brought by the trustees under the will of Joseph Lovering, to obtain the instructions of the court as to their duties under said will.

The thirteenth article of the will devises certain real estate to the trustees upon the following trusts: To pay the net rents and profits to Nancy Gay, a daughter of the testator, during her life, " and on this further trust, upon the decease of said Nancy Gay, to pay the net income of said two stores in State Street, and of said house in Tremont Street, to her children, half yearly or oftener, if convenient to said trustees, during the lives of said children. And as the children of said Nancy shall successively decease, said stores in State Street, and said house in

Tremont Street, are to be conveyed in fee, or in case the same be sold, the proceeds are to be paid and distributed, to and among the heirs at law of all the children of said Nancy, that is to say, that, as said Nancy's children shall successively decease, a proportion of said estates or the proceeds are to be conveyed or distributed to and among the respective heirs at law of each child so deceasing, said Nancy's grandchildren to take in right of representation of their deceased parents."

At the date of the will, and at the death of the testator, the said Nancy Gay was a widow having eight children, and she died in 1870 leaving the same eight children.

The first question presented by the trustees is, whether the limitations of said trust estates are valid beyond the life estate limited to the said Nancy Gay, or are void as tending to create perpetuities.

The will presents a case of a devise to Nancy Gay for her life, with a limitation over of a life estate to her children, and a further limitation over of a fee in the heirs at law of such children. The rule as to perpetuities is fully established, and has been recognized and applied in numerous recent decisions of this court. If a limitation by way of executory devise necessarily takes effect within the term of a life in being at the death of the testator, and twenty-one years, (or, in case of gestation, twenty-one years and nine months,) it is valid ; if it does not, it is void for remoteness. Applying the rule to this case, we see no ground upon which it can be held that the devise of life estates to the children of Mrs. Gay is invalid. If we assume that this devise includes children born after the death of the testator, and therefore that it is contingent and executory, yet it is not void for remoteness. The devise takes effect, and the life estate in each child necessarily becomes absolute, at the death of Mrs. Gay. If, as is claimed by the defendants, the gift over of the fee to the grandchildren is void, then at the death of Mrs. Gay the remainder in fee would vest either in the residuary devisees or in the heirs at law of the testator. In either event, there were persons in being who by joining with the tenants for life could convey the whole estate. In other words, if this devise is upheld, it does not render the

estate incapable of alienation for a longer period than the life of Mrs. Gay, and therefore it is not within the rule against perpetuities.

If the limitation over of the fee to the heirs at law of the children of Mrs. Gay is void, it is clear that the effect of such invalidity is not to defeat the prior life estates. The general rule is, that, if a limitation over is void for remoteness, it places all prior gifts in the same situation as if the devise over had been wholly omitted. If the prior gift was in fee, the estate is vested in the first taker discharged of the limitation over; if for life, it takes effect as a life estate. *Brattle Square Church* v. *Grant*, 3 Gray, 142. Lewis on Perpetuities, 657. In 1 Jarman on Wills, 240, the rule is stated to be, that "if a testator devise his lands to his son A. for life, with remainder to the children of A. for life, with remainder to the children of such children in fee, the last limitation would certainly be void ; but it is clear that the prior devises to the testator's son and his children would be valid, and the reversion in fee, subject to those devises, and that only, would descend to the testator's heir at law as real estate undisposed of. So, if the personal estate were bequeathed in a similar manner, the gifts to A. and his children successively for life would be good, and the ulterior interest only would devolve to the next of kin." The rule is based upon the paramount consideration in the construction of wills, that the intentions of the testator are to be carried into effect as far as they can be consistently with the rules of law.

We have considered the case as though the devises were directly to Mrs. Gay and her children. The fact that trustees are appointed by the will to hold the legal title does not affect the principle. The estate is not thereby made incapable of alienation. At any time after the death of Mrs. Gay, the persons beneficially interested may, with the consent of the trustees, terminate the trust and convey the estate. *Bowditch* v. *Andrew*, 8 Allen, 339. *Otis* v. *McLellan*, 13 Allen, 339.

The cases of *Fosdick* v. *Fosdick*, 6 Allen, 41, and *Thorndike* v. *Loring*, 15 Gray, 391, relied on by the defendants, do not apply. In both of those cases property was bequeathed to trustees to be accumulated for a term which the court held to be longer

than the perio[1] prescribed by the rule against perpetuities.   The persons who we e to take, as *cestuis que trust*, either the property or the income, were uncertain, and could not be ascertained until the end of the term.   Until that time there were not persons in being who could convey the estate bequeathed, and it was thereby rendered inalienable for a period longer than is allowed by law.

We have not deemed it necessary to consider the other questions argued by the counsel.   Our decision determines fully all the present duties of the trustees.   The other questions may never be litigated, and if litigated may involve the rights of parties not now before the court.   We, therefore, refrain from expressing an opinion upon them.

The result is, that the limitation of life estates to the children of Mrs. Gay is valid, and they are entitled to the net income of the trust estate during their lives.          *Decree accordingly.*

*B. F. Thomas*, for some of the testator's heirs at law.

*H. C. Hutchins*, for some of the residuary devisees.

*H. W. Paine*, for the children of Mrs. Gay.