EDWARD E. PRATT & another *vs.* ARTHUR M. ALGER
& others.

Suffolk.   Jan. 25. — Feb. 29, 1884.   DEVENS & C. ALLEN, JJ., absent.

A testator, by his will, gave the residue of his estate to trustees in trust to pay
the income to his sister M. during her life, and, at her death, to pay over the
income, during their respective lives, to such of the children of his sister A. as
should then be living or thereafterwards be born; and further provided that,
upon the death of any of said children of A., leaving issue, "such issue to take
equally, to them and their respective heirs and assigns, the share of which the
parent during life was entitled to the income; but in case of the death of any
of said children without issue, the share or shares of such deceased children is
to be equally divided among his or her brothers and sisters, the said share, how-
ever, to be held in trust as aforesaid." *Held*, on a bill in equity, by the trustees
under the will, to obtain the instructions of the court, that the children of A.
took only life estates, and not estates tail; that the limitation over to such
children was not void for remoteness; and that any questions as to the effect
of the limitations over upon the death of any of the children of A. could not be
considered.

MORTON, C. J.   This is a bill in equity, by the trustees under
the will of Caroline Lodge, to obtain the instructions of the
court.   The will of the testatrix gives the residue of her estate
to trustees in trust to pay the income to Mary W. Lodge during
her life, " and further, in trust, upon and after the decease of
my said sister, Mary W. Lodge, to hold the whole of said trust
property, or so much as may remain thereof upon the happening
of the decease of my said sister, Mary W. Lodge, for the use of
such of the children of my sister, Ann Langdon Alger, wife
of William R. Alger of said Boston, clergyman, as shall then be
living and may thereafterwards be born, to be divided in equal
shares among such children, sons or daughters, and their several
and respective heirs and assigns.   In trust, however, to pay over
the rents, income, and interest of their respective shares quar-
terly, or at other times deemed by the trustees more convenient,
during their respective lives."   " And upon the decease of any.
of said children of said Ann L. Alger leaving issue, such issue to
take equally, to them and their respective heirs and assigns, the
share of which the parent during life was entitled to the income.
But in case of the death of any of said children without issue,
the share or shares of such deceased children is to be equally

divided among his or her brothers and sisters, the said share, however, to be held in trust as aforesaid."

It seems to us that the present duties of the trustees, in regard to which alone they are entitled to ask our directions, are entirely clear. The will gives a life estate to Mary W. Lodge, with a limitation over, upon her death, of a life estate to the children of Ann L. Alger. Such children took only a life estate; in the limitation over in the "case of the death of any of said children without issue," it is clear that a definite failure of issue is meant; and the estates of such children cannot be held to be estates tail, as claimed by their counsel, without a plain disregard of the clearly expressed intention of the testator. *Whitcomb* v. *Taylor*, 122 Mass. 243. The limitation of life estates to the children of Mrs. Alger is not void for remoteness. Their estates vested at the latest upon the death of Mary W. Lodge. Even if a child had been born to Mrs. Alger after the death of Mary W. Lodge, such child would have taken an estate vesting immediately upon its birth; the estate, therefore, must have vested during the life of Mrs. Alger, which was a life in being at the death of the testatrix. *Lovering* v. *Worthington*, 106 Mass. 86.

We cannot properly consider the questions argued at the bar as to the effect of the limitations over upon the death of any of the children of Mrs. Alger. If these questions are ever litigated, they may involve the rights of parties not now before the court, and who would not be bound by any opinion we might now express. All of the children of Mrs. Alger are living, and it is the duty of the trustees to pay to them the rents, profits, and income of the trust fund during their lives.

*Decree accordingly.*

*A. M. Alger*, for the children of Mrs. Alger.

*W. R. Richards*, for an heir of Caroline Lodge.

*M. H. Swett*, for a grandchild of Mrs. Alger.