# LANDRAM *v.* JORDAN.

EQUITY PRACTICE; PROCESS; SERVICE BY PUBLICATION; GENERAL APPEARANCE; BILL OF REVIEW; PARTIES; TRUSTS; PERPETUITIES.

1. Irregularity in obtaining an order of publication against non-resident defendants is waived by the entry by them of a general appearance.

2. A bill of review is not demurrable on the ground of complainant's laches, where process has been issued within two years from the entry of the decree sought to be reviewed, in compliance with equity rule 8 of the lower court, and alias process has also been issued within the two years, and served upon the only defendant found within the jurisdiction, although considerable delay has occurred in obtaining service by publication against the defendants shown to be nonresidents, where such delay is not unreasonable or attributable to bad faith, and has not prejudiced the defendant, and no intervening rights have accrued. (Following *Huysman* v. *Evening Star Newspaper Co.* 12 App. D. C. 586.)

3. *Quære,*—Whether a party interested in the subject-matter of the original bill of complaint, and yet omitted therefrom, is a necessary party to a bill to review the decree rendered on such bill of complaint.

4. Indispensable parties to proceedings in equity are persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

5. Where, on the hearing of a demurrer to a bill of review, it is for the first time suggested that a right of dower in the real estate involved has accrued since the entry of the decree sought to be reviewed, and that the owner of such right of dower is a necessary party to the proceeding, a decree rendered against the other parties will not be reversed on appeal, because of such objection, as the interest of the owner of such right of dower being contingent, she is not an indispensable party. (Following *Weightman* v. *Washington Critic Co.* 4 App. D. C. 136.) The interest, if any, of such a party, however, will not be concluded by such decree.

6. Where, on a bill by the beneficiary under one of several trusts created by a will, to review so much of a decree declaring void all of the trusts as violating the rule against perpetuities, as invalidated the trust for complainant's benefit, a decree is passed affecting that part of the decree only, this court on an appeal by the defendants from the second decree will not consider the question whether all of the trusts created by the will were in fact void because in violation of the rule against perpetuities, all of the parties interested in that part of the decree reviewed having acquiesced in it.

7. A trust for general purposes may be void because unauthorized by law, without necessarily rendering void a particular trust in the same will, made to subserve another purpose that is authorized; and if, under settled principles of law, effect cannot be given to an entire will or to certain entire provisions thereof, any provision will nevertheless be given effect which is conformable to those principles, and which can be separated from the residue without doing violence to the testator's general intention.

8. A devise providing that upon the death of one entitled for life to the income of certain real estate, title to which is vested in trustees, the fee-simple title thereto shall vest in the testator's grandson, vests in the grandson a remainder in fee, to come into possession and enjoyment on the death of the life beneficiary. (Following *Richardson* v. *Penicks,* 1 App. D. C. 261.)

9. And even if a proviso to such a devise, which attempts to postpone the estate of the grandson after the death of the life beneficiary, is in con-

travention of the rule against perpetuities, the result is an avoidance of such restraint without affecting the devise of the remainder,—neither the devise of the equitable life estate nor the remainder in fee being rendered void by an unlawful attempt to postpone the enjoyment or restrain the alienation of the fee.

10. Where, on a bill in equity to review a decree declaring void the trusts of a will, including a trust for life for complainant's benefit, charged upon a portion of the estate of the testator, so much of the decree is vacated as avoids the trust in which the complainant is interested, the court may under its general equity jurisdiction, if necessary, appoint another trustee to execute such trust, and the complainant may pursue some proper proceeding to enforce the payment of such arrears of income as she may be entitled to.

11. *Quœre,*—Whether a court of equity has jurisdiction to entertain a bill filed by a trustee under a will for the purpose of annulling the entire will, under the pretense of seeking a construction of the trusts created thereby.

No. 1476.   Submitted March 9, 1905.   Decided April 4, 1905.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia sustaining a bill of review and vacating in part a former decree.        *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a decree of the supreme court of the District sustaining a bill of review filed on October 29, 1901, by Gabriella K. Jordan against Elijah S. Drake and Leroy M. Taylor, trustees under the will of Thomas Kearney, deceased; Constance K. Vertner and Lillie K. Vertner, Edmund K. Vertner and Thomas K. Vertner, to review a decree rendered by said court on June 27, 1900, on a bill filed by Elijah S. Drake, trustee, against Leroy M. Taylor, Constance K., Lillie K., Edmund K., Thomas K. Vertner, and Gabriella K. Jordan.

It appears from the bill and exhibits that Thomas Kearney died in San Antonio, Texas, leaving a will dated June 4, 1896, by which he undertook to dispose of a large estate consisting of lands and personal property in the State of Texas, of lands in Virginia, and certain improved and unimproved real estate in

the District of Columbia. Executors were appointed for the administration of the estate in Texas, and two trustees, Drake and Taylor, were appointed with general powers, and particularly for the management and control of so much of the estate as was situated in Virginia and the District of Columbia.

The will is a very long and elaborate one, giving full power of possession, control, and so forth, to the trustees, with directions concerning rents, improving property, paying taxes, paying certain sums to testator's daughter and her children, and expressly directs that said possessions and powers shall continue in said trustees and their successors until January 1, 1928.

The following items of the will only are of importance in the determination of this case:

"Item 6. I hereby authorize and direct that my said trustees shall, during the natural life of my beloved niece, Gabriella K. Jordan, pay over to her regularly each month, as soon as collected, all rents and revenues collected or derived from that certain property described in the third item hereof as lot No. 611 'M' street N. W., Washington, D. C., but in case said rents and revenues shall at any time be less than the sum of $40 for any one or more months, then my said trustees are hereby authorized and instructed to add to the sum so collected a sufficient amount to make the said sum of $40 for each and every month; it being my desire that she shall have a regular income of at least $40 per month, and that the same be paid over to her monthly; but if the income derived from said premises shall amount to a sum in excess of $40 per month, she shall have the whole thereof."

Item 7 contains directions concerning the lease and disposition of the income of all the real property in the District, "except that derived from the house known as No. 611 M street, which shall be paid to my niece as provided for in item 6 hereof."

"Item 8. It is my desire, and my said trustees are hereby authorized and instructed, that, upon the death of my said niece, Gabriella K. Jordan, the fee-simple title to the house

and lot, No. 611 M street, N. W., Washington, D. C., shall be and is hereby vested in my grandson Thomas K. Vertner provided that, should my said niece die before the 1st day of January, 1928, then in that event said Thomas K. Vertner shall only receive the net rents and revenues derived by my trustees therefrom, and provided further that, should my said niece die before my said grandson shall have attained the age of twenty-two years, then, from the date of the death of my niece, until the said Thomas K. Vertner shall have arrived at the age of twenty-two years, the rents and revenues derived from said lot shall be disposed of in the same manner as provided in item 7 hereof in regard to the rents and revenues derived from other property mentioned therein, except the vacant lot on Twentieth street, N. W."

"Item 20. It is my desire and my trustees are hereby instructed to keep all the houses herein intrusted to them insured and in repair; to keep all taxes due or to become due thereon paid, and in case of the destruction or injury of them or any of them, to rebuild or repair them in accordance with the instructions in item 17 hereof.

"Item 21. For fear that there may be some difficulty in construing the different provisions of this [will], relating to the moneys that may come into the hands of the trustees herein named, I desire to say that it is my intention that all the moneys arising from the rents of the Washington, D. C., property, except that which is to go to Gabriella K. Jordan, shall be placed in a common fund for the payment (1) of taxes, insurance, and repairs on said property and of the premises at Luray, Virginia; (2) of (90) ninety dollars per month to my said daughter, Constance K. Vertner, during her natural life; (3) for the support, education, and maintenance of my said three Vertner grandchildren until Lillie K. Vertner shall have arrived at the age of nineteen years, and until Edmund K. and Thomas K. shall have arrived at the age of twenty-two years respectively."

Leroy M. Taylor declined to accept the trust. Elijah S. Drake accepted and undertook its execution for several years,

during which, it is alleged, he paid the sum of $40 per month to Gabriella K. Jordan. On May 15, 1900, Drake filed a bill in the supreme court of the District of Columbia against Taylor, who, it was alleged, had declined to accept the trust, Constance K., Lillie K., Edmund K., and Thomas K. Vertner, and Gabriella K. Jordan. The bill sets out the will and alleges as the reason for filing the same, that: "Questions have arisen as to the validity of the provisions in the said will relating to the real estate within the District of Columbia, and your complainant is advised that the said provisions are void because they attempt to create a perpetuity."

The prayer is for the construction of the will.

Constance Vertner answered, alleging the invalidity of the will because it attempted to create a perpetuity. She also alleged that she and her brother, Edmund Kearney, were the sole heirs at law of the testator; that said Edmund Kearney died June 4, 1898, leaving a widow and no children, whereby defendant was his sole heir at law; and that Edmund Kearney left a will which was not so attested as to pass real estate in the District of Columbia. A guardian *ad litem* was appointed for the three infant defendants and filed a formal answer. Gabriella K. Jordan, who lived in New York, filed the following as her answer: "This defendant being advised that the bill of complaint herein involves only questions of law as to the construction of a will, and, as she is not advised as to the law governing such matters and things therein set forth, she prays the court to make such a decree herein as will protect her rights in the premises, and to this end admits the matters and things in the said bill of complaint to be true."

Neither she nor Constance Vertner were represented by counsel, and it would seem that it was regarded by the court as a mere friendly proceeding. On June 27, 1900, the decree which is now sought to be reviewed was entered as follows:

"This cause, having been calendared, was submitted on the pleadings filed therein, and, duly considered, it is, by the court, this 27th day of June, 1900, adjudged, ordered, and decreed that the provisions of the last will and testament of Thomas

Kearney, deceased, so far as the same devise or attempt to dispose of lands and tenements lying and being within the District of Columbia, are deemed and held to be in violation of the provisions of law prohibiting the creation of perpetuities and contrary to the statute in such cases made and provided; and it is further adjudged, ordered, and decreed that said provisions of said will are deemed and held to be void and of no effect, and that as to the said land and premises the said Thomas Kearney died intestate and the same descended to his heirs at law."

On October 29, 1901, subpœna on this bill of review was issued to all of the defendants and returned, "Not to be found." April 7, 1902, alias subpœna was issued to all and returned, "Summoned Leroy M. Taylor personally April 7, 1902, Aulick Palmer, marshal. No copies for other defendants." April 17, 1903, an order of publication was passed for all defendants except Taylor, and proof of publication was filed September 25, 1903.

Constance K. Vertner, Lillie - K. Vertner, and Elijah S. Drake entered demurrers on November 5, 1903, on the ground that the bill stated no case for relief. The death of Constance K. Vertner, testate, was suggested on July 7, 1904, and on the same day her executors, Charles S. Landram and John A. Broaddus were made parties defendant.

On July 8, 1904, the demurrers were overruled, and the defendants electing not to answer, a final decree was entered modifying the decree in the original suit, "in so far as it relates to the provisions of said will in regard to the devise of the annuity or legacy to the complainant, Gabriella K. Jordan, which provisions are hereby decreed to be valid; and it is further ordered, adjudged, and decreed that the said annuity for the full term of her natural life bequeathed to Gabriella K. Jordan, by the said last will and testament of said Thomas Kearney is a valid claim or rent-charge primarily against all rents and revenues collected or derived from lot No. 611 M street N. W., Washington, D. C., and secondarily against his entire estate for any balance of $40 per month that said rents and revenues may not yield, from the date when said legacy or annuity became due

and payable, for any amount of principal or interest which may be due to said annuitant or legatee thereon." The decree further reserves the right to the complainant to apply for any further orders and decrees in the future that may be necessary and proper to carry the decree into effect. Landram and Broaddus, executors, Lillie K. Vertner and Elijah S. Drake obtained a severance and perfected an appeal from said decree to this court. No appeal was taken on behalf of the infant defendants, but counsel have appeared on their behalf and made common cause with the appellants.

*Mr. Thomas P. Woodward* and *Mr. W. Mosby Williams* for the appellant Drake.

*Mr. John J. Hemphill* for the other appellants.

*Mr. Charles F. Wilson* and *Mr. Frank W. Hackett* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The contention that "the court erred in holding that the substituted service on the absent defendants, except Drake, by publication, was valid, and that they were properly before the court for the purpose of making the decree that was entered," is without foundation.

It does not appear in the record that any such question was raised or ruled upon in the trial court. The parties appeared in answer to the publication of notice and made no objection thereto. The irregularity, if any, in obtaining the order of publication was waived by their general appearance.

2. There was no error in overruling the objection, presented on the hearing of the demurrer, that the complainants' right to maintain the bill of review had been lost by laches.

The bill was filed, and writs of subpœna regularly issued thereon, within the two years from the entry of the decree, re-

quired by equity rule 88 of the supreme court of the District of Columbia. Alias process was also issued before the expiration of the two years, and served upon Taylor, one of the necessary parties in the District. Others were not found. The suit was thus commenced within any construction that may be given to common-law rule 6, which applies to suits in equity also, and prosecuted in accordance with the provisions of equity rules 7 and 11. *See Huysman* v. *Evening Star Newspaper Co.* 12 App. D. C. 586, 594.

It is true that there was considerable delay in prosecuting the notice by publication to the defendants shown to be non-residents. But there is nothing to show that this was unreasonable or attributable to bad faith. *Webb* v. *Pell,* 1 Paige, 564; *Fairbanks* v. *Farwell,* 141 Ill. 354, 368, 30 N. E. 1056.

Nor does it appear that any prejudice has been caused the defendants by the delay, and there is no question of intervening rights accruing during the interval.

3. The third error that has been assigned is founded on the refusal of the court to sustain the appellants' objection that Mary B. Kearney was a necessary party to the proceeding.

It is essential in a bill of review that all of the parties to the decree, and their privies, shall be made parties, either plaintiff or defendant. *Bank of United States* v. *White,* 8 Pet. 262, 268, 8 L. ed. 938, 941. And it appears that this requirement was complied with.

The objection is that Mary B. Kearney, the widow of Edmund Kearney, should have been made a party also because since the decree annulling the will a right of dower has accrued to her in the lands in the District of Columbia to the extent of the interest of her deceased husband, Edmund Kearney, as one of the heirs at law of Thomas Kearney, deceased.

The objection that she was a necessary party was not raised by plea, answer, or on the face of the demurrer, but by suggestion on the hearing founded solely on the fact recited in the answer of Constance K. Vertner to the original bill, filed May 15, 1900, that Edmund Kearney died June 4, 1898, leaving a widow, Mary B. Kearney, and no descendants. No request was

then urged that she be made a party to the suit, and the cause proceeded to final decree without her. It is to be remarked also that there is nothing to show that she was living at the time that the bill of review was filed.

But passing by the question whether a party interested in the subject-matter of the original bill and yet omitted therefrom can be considered a necessary party to review the decree rendered thereon, and assuming that Mary B. Kearney is still living, her interest is a contingent one, and not so inseparably connected with the claim of the parties to the suit as to make her an indispensable party to this proceeding. Indispensable parties are said to be "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Shields* v. *Barrow,* 17 How. 130, 139, 15 L. ed. 158, 160; see also *Story* v. *Livingston,* 13 Pet. 359, 375, 10 L. ed. 200, 208; *Barney* v. *Baltimore,* 6 Wall. 280, 284, 18 L. ed. 825, 826; *Williams* v. *Bankhead,* 19 Wall. 563, 571, 22 L. ed. 184, 187.

We are of the opinion, therefore, that the objection made on the hearing came too late. *Weightman* v. *Washington Critic Co.* 4 App. D. C. 136, 153 and cases cited. In one of the cases there cited it was said:

"It ought to be observed here, preliminarily, as a matter of practice, that although an objection for want of proper parties may be taken at the hearing, yet the objection ought not to prevail upon the final hearing on appeal, except in very strong cases, and when the court perceives that a necessary and indispensable party is wanting. The objection should be taken at an earlier stage in the proceedings, by which great delay and expense would be avoided. The general rule as to parties undoubtedly is that when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final

decree between all parties interested. But this is a rule. established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the court, and ought to be restricted to parties whose interest is involved in the issue and to be affected by the decree. The relief granted will always be so modified as not to affect the interests of others." *Mechanics Bank* v. *Seton,* 1 Pet. 299, 306, 7 L. ed. 152, 155.

Whatever interest Mary B. Kearney may have is not concluded by the decree rendered herein, and may be asserted by her hereafter if desired.

4. Having disposed of the foregoing preliminary questions, we come now to the consideration of the merits of the case as presented in the bill. In this we do not find it necessary, or that it would serve any useful purpose, to accept the invitation of counsel and enter upon the consideration of the question whether the general trusts created by the will of Thomas Kearney, as decreed on the original bill, are in fact void because in violation of the rule against perpetuities. In the view that we have taken of the complainant's case, she has no direct interest in that question which renders its determination necessary, or even proper, under the circumstances. All of the parties whose interests were directly and materially affected by that part of the decree have not only acquiesced in it, but have appeared in this court also in its support.

By the terms of her bill the complainant limits her right of review to so much of that decree only as undertakes to annul the trust for her benefit in lot 611 M street N. W., and in so far as it may affect her contingent right to a monthly income of $40 during life, to be made up from the revenues of other property in the District of Columbia, in the event that the revenues of said lot shall fall short of realizing that sum.

Upon the assumption, then, of the correctness of the original decree, in so far as it declared void the several trusts of the will for the benefit of testator's daughter and grandchildren, because violative of the rule against perpetuities, the contention is that

the trust in favor of Gabriella K. Jordan, contained in item 6 of the will, necessarily fails with the others.

This result depends upon the inseparability of the special intention expressed in item 6 from the general intention expressed throughout in respect of the disposition of the great body of a large estate.

Undoubtedly, if it shall appear that the intention to create a trust for the life of Gabriella K. Jordan is so involved in the general scheme of the whole will as to be dependent upon it, and not capable of enforcement without doing violence to the general intention of the testator, it must fail along with the remainder of the will. *Fosdick* v. *Fosdick,* 6 Allen, 41, 48; *Thorndike* v. *Loring,* 15 Gray, 391, 398; *Lovering* v. *Worthington* 106 Mass. 86, 88; *Amory* v. *Lord,* 9 N. Y. 403; *Knox* v. *Jones,* 47 N. Y. 389, 398.

On the other hand, a trust for general purposes may be void because unauthorized by law, without necessarily rendering void a particular trust in the same will, made to subserve another purpose that is authorized. *Savage* v. *Burnham,* 17 N. Y. 561, 576. And it is a rule, founded in reason as well as supported by authority, that if under settled principles of law effect cannot be given to an entire will or to certain entire provisions thereof, any provision may nevertheless be given effect which is conformable to those principles, and which can be separated from the residue without doing violence to the testator's general intention. In other words, where an estate has been vested in trustees upon several independent trusts, one of which is legal though others may not be, the estate of the trustees will be upheld to the extent necessary to enable them to execute the valid trust though avoided as to the others. *Oxley* v. *Lane,* 35 N. Y. 340, 349; *Van Schuyver* v. *Mulford,* 59 N. Y. 426, 432; *Tiers* v. *Tiers,* 98 N. Y. 568, 572; *Burns* v. *Allen,* 89 Hun, 552, 558, 35 N. Y. Supp. 342, Affirmed in 154 N. Y. 741, 49 N. E. 1094; *Loring* v. *Blake,* 98 Mass. 253, 262; *Lovering* v. *Worthington,* 106 Mass. 86, 88; *Graham* v. *Whitridge,* 99 Md. 248, 66 L. R. A. 408, 57 Atl. 609, 58 Atl. 36.

Tested by these principles, we are of the opinion that the

trust created for the benefit of Gabriella K. Jordan in item 6 of the will of Thomas Kearney is a valid one, and may be executed without regard to the failure of the remaining trusts for the benefit of other objects of the testator's bounty, and that it was manifest error to declare that provision of the will void along with the others, as was done in the original decree. In that provision (item 6) the testator expresses a particular and independent intention to provide an income for Gabriella K. Jordan during her life, and expressly separates lot No. 611 M street N. W. from the residue of his estate in order to effect that intention. This intention to separate that lot from the rest of the estate is further shown in the special exceptions contained in items 7 and 20, before mentioned. Moreover, item 8 provides that upon the death of the life beneficiary, Gabriella K. Jordan, "the fee-simple title to the house and lot No. 611 M street N. W., shall be and is hereby vested in my grandson Thomas K. Vertner." This is followed by the words: "Provided my said niece die before the 1st day of January, 1928, then and in that event said Thomas K. Vertner shall only receive the net rents and revenues derived by my trustees therefrom, and provided further that, should my said niece die before my said grandson shall have attained the age of twenty-two years, then, from the date of the death of my niece until the said Thomas K. Vertner shall have arrived at the age of twenty-two years, the rents and revenues derived from said lot shall be disposed of in the same manner as provided in item 7 hereof in regard to the rents and revenues derived from other property mentioned therein," etc.

The first clause of item 8, before quoted, vests a remainder in fee in said lot in the grandson Thomas K. Vertner, to come into possession and enjoyment upon the termination of the trust for life for the benefit of Gabriella K. Jordan created by item 6. *Richardson* v. *Penicks,* 1 App. D. C. 261, 264, and cases cited. Conceding, as in the case of the general trusts, that the attempt in the foregoing provisos to postpone the enjoyment of the estate of the grandson may be in contravention of the rule against

perpetuities, the result is the avoidance of their restraints without affecting the devise of the remainder. Neither the devise of the equitable life estate of the niece nor the remainder in fee can be rendered void by an unlawful attempt to postpone the enjoyment or restrain the alienation of the fee. *Leonard* v. *Burr,* 18 N. Y. 96, 106; *Goldsborough* v. *Martin,* 41 Md. 488, 502, 503; *Lovering* v. *Worthington,* 106 Mass. 86, 88; 2 Perry, Tr. § 622; *Saunders* v. *Vautier,* 4 Beav. 115; *Curtis* v. *Lukin,* 5 Beav. 147, 155. Our conclusion is therefore that the provisions of the will relating to Gabriella K. Jordan are separable from and independent of the others, and should have been upheld in the original decree.

The learned justice presiding in the equity court was right in the decree rendered by him modifying the original decree to that extent. If it shall become necessary, the court may, under its general equity jurisdiction, appoint another trustee, for the purpose of giving effect to the execution of the trust, and there is nothing to prevent the complainant from pursuing some appropriate proceeding to enforce the payment of the arrears of the revenues to which she is entitled.

5. We have also been asked on behalf of the appellee to declare the original decree invalid on the ground of a want of jurisdiction of the court to entertain the bill filed by the trustee for the purpose of annulling the entire will under the pretense of seeking a construction of the trusts created thereby. The suit was, indeed, an extraordinary one, and the manner in which it was prosecuted to a final decree vacating each and all of the trusts would seem to warrant the inference, to some extent, that such was the real object sought. But for the reasons given for not passing upon the validity of the will as a whole, we regard it as unimportant to determine any other question than that in which the interests of the complainant are necessarily involved.

For the reasons heretofore given the decree will be affirmed, with costs, and it is so ordered.   *Affirmed.*

An appeal to the Supreme Court of the United States was allowed April 13, 1905.