FRANCIS B. PEABODY & another, trustees, *vs.* COUNT BENOIT HENRI TYSZKIEWICZ & others.

Suffolk.   December 4, 1905. — April 3, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Trust,* Termination. *Perpetuities. Equity Jurisdiction,* Bill for instructions.

A testatrix left a fund in trust to pay the income to her daughter for life "and upon the decease of my said daughter, to pay over the said interest and income to her child or children, and the issue of any deceased child, in such proportions

as she shall direct and appoint by her last will, and in default of any will or direction on her part, to her child or children, and to the issue of any deceased child, share and share alike; the issue of a deceased child taking the parent's share. It is my will that the principal sum shall remain in trust, for the benefit of my daughter, and of her children and their issue, as above mentioned, as long as the law will permit; and that at the termination of the trust under the limitation provided by law, the said principal sum shall be paid over to the surviving child or children of my said daughter, and to the issue of any deceased child, share and share alike, the issue of a deceased child taking its parent's share." At the death of the testatrix her daughter was living and had two sons and a daughter *in ventre matris* who was born three months later. The daughter of the testatrix died intestate in less than a year after the death of her mother. The trustees paid the income to the three children of the daughter in equal parts, for twenty-one years, after which these three, the grandchildren of the testatrix, demanded the termination of the trust and a distribution of the fund, and the trustees brought a bill for instructions. *Held*, that, after the death of the daughter of the testatrix without having exercised her power of testamentary appointment, the trustees rightly had distributed the income in equal parts among her three children, who at the death of the testatrix took a vested interest for life, contingent on respectively surviving their mother and subject to her right of testamentary appointment; that, no one of these three beneficiaries having died, the trust could not be terminated; and, whether upon the death of one or all of them a partial or full distribution of the fund must take place or what that distribution should be, would not be considered by the court before the event, it being clear that the provision requiring the payment of the income to the children of the daughter of the testatrix was valid independently of the provisions in regard to the later continuance of the trust.

On a bill for instructions by a trustee the court will give him directions only in regard to his present duties.

BRALEY, J. This is a bill in equity, filed on December 9, 1904, brought by the trustees under the will of Clara E. Bancroft, which was admitted to probate on May 7, 1883, to obtain the instructions of the court as to when the trust created by the first clause terminates. The case was reserved for our decision by a single justice of this court. By the twelfth clause the residue of the estate, an estimate of which is given, is added to the amount named in the first clause, and forms a fund which is to be held by the trustees therein named and their successors "in trust, to and for the following uses, intents, and purposes, and no other: that is to say, in trust, securely to invest and keep so invested the said sum, and to pay over semiannually the net interest and income thereof to my beloved and only daughter the Countess Clara Elizabeth Tyszkiewicz, on her sole receipt and for her sole use; and upon the decease of my said daughter, to pay over the said interest and income to her child or children,

and the issue of any deceased child, in such proportions as she shall direct and appoint by her last will, or any writing in the nature thereof, duly executed by her in the presence of three attesting witnesses; and in default of any will or direction on her part, to her child or children, and to the issue of any deceased child, share and share alike; the issue of a deceased child taking the parent's share. It is my Will that the principal sum of One hundred thousand dollars shall remain in trust, for the benefit of my daughter, and of her children and their issue, as above mentioned, as long as the law will permit; and that at the termination of the trust under the limitation provided by law, the said principal sum of One hundred thousand dollars shall be paid over to the surviving child or children of my said daughter, and to the issue of any deceased child, share and share alike, the issue of a deceased child taking its parent's share. But if my said daughter shall die leaving no child and no issue of a deceased child, or if previous to, or at the time of the termination of the trust provided by law, there should not survive any child of my daughter or issue of a deceased child, then it is my will that the above mentioned principal sum of One hundred thousand dollars shall be divided between my sister Mrs. Jessie P. Frothingham, my two brothers Francis B. Peabody and Augustus S. Peabody, and my brother-in-law Timothy W. Bancroft, in equal parts, share and share alike; each one of them to have, One fourth part of the above mentioned principal sum; and in case of the decease of either of them before the division of the property shall take place, then the share of the parent is to be divided equally among his or her children; the children receiving the share of the deceased parent."

At the death of the testatrix, which occurred September 3, 1882, there were living the Countess Clara Elizabeth Tyszkiewicz, and her children who are described in the petition and agreed facts as Count Benoit Jean Tyszkiewicz, born October 9, 1875, Count Edouard Renaud Tyszkiewicz, born April 28, 1880, and Countess Elizabeth Marie Tyszkiewicz, *in ventre matris,* born December 9, 1882. Since the decease of the daughter, who died July 17, 1883, testate, leaving a husband and these children surviving, the trustees have paid the income in equal parts to the grandchildren, who now claim either that the trust terminated

at the death of their mother, or because twenty-one years have since expired they now are entitled to a division of the principal. This is opposed by the guardian *ad litem*, appointed to represent all persons unborn or unascertained who might be interested, and by the other legatees contingently named in the closing paragraph of the bequest. They contend that the time has not yet arrived for a termination of the trust, and that the trustees should continue its administration according to the terms of the will.

The first paragraph deals wholly with the disposition of the income, and by the language used the testatrix unmistakably makes manifest her general purpose, which must be given full effect unless defeated by the failure to use formal words that ordinarily are employed to describe an estate which is to be limited for life. *Stone* v. *Bradlee*, 183 Mass. 165. *McCurdy* v. *McCallum*, 186 Mass. 464, 469. If it is settled that where a testator has failed to express his intention such an omission cannot be supplied by speculating upon what he might have purposed, yet when it is plainly manifest that he intended to bequeath an interest which is not given by formal words these words may be supplied by implication. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98. By the phrase "upon the decease of my said daughter", it was the intention of the testatrix that Clara should receive the net income semiannually for her sole benefit so long as she lived, coupled with a discretionary power which enabled her by testamentary disposition to change the proportions in which it should be paid to any grandchild or grandchildren of the testatrix who might survive their mother. But upon her decease if this power had not been exercised, the trustees in consecutive connection are further directed " to pay over the said interest and income . . . to her child or children, and to the issue of any deceased child, share and share alike ; the issue of a deceased child taking the parent's share." Giving to these words their natural import they are sufficient to indicate that after their mother had enjoyed the income her surviving children were to succeed to a commensurate gift, although the duration of their equitable estate likewise is left technically undefined. Besides, this construction is in harmony with the design of the whole clause, which is intended by its very terms to pro-

tect the principal from being exhausted for as long a period as possible. *Bradlee* v. *Andrews*, 137 Mass. 50, 53. *Hood* v. *Board-man*, 148 Mass. 330, 335. After making pecuniary provision, as we have said, for an only daughter, the bequest then is to her daughter's children who take as a class, which would include not only the grandchildren living at the death of the testatrix, but also those born afterwards, who would share equally with the others. *Putnam* v. *Story*, 132 Mass. 205, 210, 211. *Gilkie* v. *Marsh*, 186 Mass. 336, 340, 341. Consequently the grandchildren took a vested interest for life contingent upon their surviving the first beneficiary, and although by the will of their mother the proportionate share coming to each might have been enlarged or diminished, it could be neither entirely divested nor defeated, but as this power never was executed the original provision for an equal distribution among them remained unchanged. *Pratt* v. *Alger*, 136 Mass. 550. Nor is the gift of a succeeding equitable life estate too remote, for it would vest as to the grandsons upon the death of the testatrix, and in the granddaughter at birth, though subject to be divested as to those who did not survive their mother. *Lovering* v. *Worthington*, 106 Mass. 86. *Hills* v. *Simonds*, 125 Mass. 536. *Minot* v. *Taylor*, 129 Mass. 160. *Pratt* v. *Alger*, *ubi supra*. *Dorr* v. *Lovering*, 147 Mass. 530. *Hall* v. *Hall*, 123 Mass. 120. *Putnam* v. *Story*, *ubi supra*.

The remaining paragraphs do not cut down or impair the life interests previously created, even if when taking up the subject of the disposition of the fund she broadly restated her object by reiterating that the principal sum should remain in trust for the benefit of her daughter, and of her children, and their issue " as above mentioned, as long as the law will permit ", followed by a further direction that when the trust was terminated " under the limitation provided by law ", then a final distribution of the principal was to follow. If it eventually should appear that upon the death of one or all of the grandchildren a partial or full distribution of the fund must take place, until then the disposition of the income requires that the legal title should be held by a trustee or trustees, for if this is not done the outstanding life estate would be destroyed. *Harlow* v. *Cowdrey*, 109 Mass. 183, 184. *Williams* v. *Thacher*, 186 Mass. 293, 300. But as this provision

relating to income is separable, her intention can be fully accomplished independently of the other provisions, and the period thus covered must expire before any distribution of the principal can be made, and therefore the trust remains entire. *First Universalist Society* v. *Boland*, 155 Mass. 171, 175. *Thomason* v. *Moses*, 5 Beav. 77. *Goodier* v. *Johnson*, 18 Ch. D. 441. To this extent at least the scheme of the testatrix in disposing of her property can be upheld consistently without violating any rule of law, and at this time it also becomes unnecessary to decide to whom his or her share of the income should be paid in the event of the death of one of the grandchildren leaving issue, or to whom the principal ultimately must go, as under a petition for instructions the court is not called upon to consider future conditions which may not arise in the form anticipated by the parties, or to give directions to trustees beyond what is required to enable them to perform their present duties. *Bullard* v. *Chandler*, 149 Mass. 532. *Hall* v. *Cogswell*, 183 Mass. 521. And the validity of the gift over after the first life estate being established for the life or lives of the grandchildren, who severally are living, it becomes the duty of the petitioners to pay to them the net income of the fund in the proportions provided by the will. *Pratt* v. *Alger*, 136 Mass. 550. *Lovering* v. *Worthington*, 106 Mass. 86.

*Decree accordingly.*

*H. N. Berry*, for the trustees.

*H. Wheeler*, (*J. D. Colt* with him,) for the guardian *ad litem* and Jessie P. Frothingham and others.

*R. F. Sturgis*, for the children of the Countess Clara Elizabeth Tyszkiewicz.